EDWIN BURHORN COMPANY, RESPONDENT, v. MINER D. WOODLING HEATING AND VENTILATING COMPANY, APPELLANT.

Decided May 13, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellant, *Saul Nemser.*

For the respondent, *Clarence D. Meyer.*

PER CURIAM.

The appellant, Miner D. Woodling, had a contract with the Loew's Theatre and Realty Corporation for the installation by him of a heating, ventilating and refrigerating equipment for its theatre located at Providence, Rhode Island. He subcontracted with the plaintiff corporation for the installation upon the roof of the building of certain water cooling towers, for the sum of $5,000, for the purpose of cooling the air in the theatre building. The present suit was brought to recover the contract price, no part of which has been paid.

The plaintiff in its complaint averred that it had performed its contract, had installed upon the roof of the theatre building the water cooling towers which it had contracted to supply, and that those towers complied with the requirements of the specifications contained in the contract entered into between it and the defendant. The latter, in his answer, denied

performance by the plaintiff of the provisions of the contract, and asserted that for this reason he was under no obligation to pay the price fixed in the contract for the installation of the water towers or any part thereof. The trial resulted in a verdict in favor of the plaintiff for the full amount of its claim, and we are asked to reverse the judgment entered upon that verdict for the reasons hereafter referred to.

The first ground for reversal argued before us relates to the admission in evidence of letters offered by the plaintiff. The claim is that those letters were inadmissible because they tended to alter or vary the terms of the written contract. In our opinion, the letters do not have that effect. The contract required that the plaintiff should submit to the Loew company detailed working drawings of the cooling equipment for the approval of that company before proceeding with the installation of the water towers. In accordance with this provision, the plaintiff had the detailed working drawings prepared and submitted them to the Loew corporation, and that corporation thereupon notified the plaintiff, in one of the letters referred to, that the matter of the approval of the plans had been delegated by it to the architects who had charge of the erection of the theatre building and that the plans should be submitted by the plaintiff to those architects. Thereupon the plans were so submitted, and the architects, in another of the letters referred to, instructed the plaintiff that the approval of the plans was entirely up to the defendant Woodling and to submit them to him. In accordance with this instruction, this was done by the plaintiff, and the plans were approved by the defendant. The effect of these letters, as we see it, is to show that the architects were the agents of the representatives of the Loew company in passing upon the accuracy of the plans, and that the architects, presumably acting within their authority, transferred that agency to Woodling, and that Woodling's act, therefore, was the act of the Loew corporation. Holding this view as to the effect of the letters, it seems to us that they were properly admitted.

The next contention on the part of the defendant is that the judgment should be reversed because the court erroneously denied defendant's motion for a nonsuit. This motion was

based upon the ground that the plaintiff had not established, under the evidence offered by it, the fact that it had performed the terms of its contract with the defendants. The basis of the motion, we think, is without substance. The proofs of the plaintiff, accepted as facts, with the necessary inferences to be drawn from them, raised a jury question as to whether or not there had been such a performance by the plaintiff as entitled it to the payment of the contract price for such performance. The refusal of the motion to nonsuit was, therefore, in our opinion, proper.

It is also argued that the court erroneously refused to direct a verdict in favor of the defendant. The grounds upon which this motion was rested were practically the same as those advanced as reasons for granting a nonsuit, and it was properly denied for the reason already expressed by us in the discussion of the earlier motion.

Other grounds for reversal are directed at alleged errors in the charge to the jury and in the refusal to charge certain requests submitted by the defendant. One of the alleged errors consisted in a statement by the court of its recollection of the testimony of one of the witnesses produced by the defendant, the contention being that the statement was inaccurate. The trial judge, however, instructed the jury that it must not depend upon his recollection of this testimony and assume that it was accurate, but should determine for itself what was the testimony of the witness with relation to the matter upon which the court was commenting. This instruction wiped out the alleged error in the charge, if in fact, it existed. Our examination of the case leads us to the conclusion that the other alleged errors in the charge to the jury are, each of them, without legal merit. The requests submitted by the defendant were charged in effect, so far as they were material and proper, and, consequently, there is no merit in the contention that the court erroneously refused to charge them.

Lastly, it is argued that the court erroneously refused to permit counsel for the defendant to take exceptions to the charge of the court after the jury had retired. At the close of the charge, and before the jury had retired, the court inquired whether either of the counsel desired to take any ex-

ceptions thereto, and counsel for the defendant then took certain exceptions, which were allowed. After he had done so, the jury left the court room, and he then applied to take further exceptions. Counsel admitted that the court had the legal right to call for exceptions to the charge while the jury still was present in the court room, and properly so; for whether the court shall or shall not take such action is a matter of judicial discretion. Having exercised that right, the question as to whether or not the court should permit further exceptions to be taken after the jury had retired for consideration of the case also was a matter wholly within its discretion, and its refusal to grant such permission did not constitute legal error.

These are the only matters argued as a basis for the reversal of the judgment under review, and our conclusion is that the judgment should be affirmed.